**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ARCHER AVELIN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SWANSEA POLICE DEPARTMENT; | )  No. 1:25-cv-11540-JEK |
| TOWN OF SWANSEA, MASSACHUSETTS; | ) |
| THE COMMONWEALTH OF | ) |
| MASSACHUSETTS; MAPFRE | ) |
| INSURANCE; JONATHAN ESTRELLA; | ) |
| CONOR LEVESQUE; and MARK FOLEY, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

Plaintiff Archer Avelin, proceeding *pro se*, brought this action alleging that certain police

officers violated his constitutional rights when they pulled him over and arrested him. Named as

defendants are the Town of Swansea, Massachusetts; the Swansea Police Department; Swansea

Police Officers Jonathan Estrella and Connor Levesque and Swansea Police Chief Mark Foley; the

Commonwealth of Massachusetts; and MAPFRE Insurance. With the complaint, Avelin also filed

a motion for leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant

the motion and dismiss this action without prejudice. The complaint, which is subject to screening

under 28 U.S.C. § 1915(e)(2)(B), must be dismissed because the Commonwealth of Massachusetts

is immune from suit, Avelin's claims against MAPFRE do not allege state action, Avelin cannot

initiate criminal charges, and he otherwise fails to provide adequate factual allegations to support

his claims. Avelin will, however, be afforded the opportunity to file an amended complaint by

April 21, 2026 that provides further factual allegations pertaining to his Fourth Amendment claim of excessive force.

## BACKGROUND

The facts, as alleged in the complaint and assumed true, are as follows. Avelin lives in Swansea, Massachusetts and identifies as "an American State National," not a United States citizen. ECF 1, at 1 & 7, ¶ 1. On Friday, May 9, 2025, he was "traveling" in his car, which he chose not to insure or register. *Id.* at 7, ¶ 2. His car displays "a private car tag" rather than a license plate. *Id.* ¶ 3. Officer Estrella pulled him over that evening. *Id.* ¶ 5. Avelin attempted to explain to Officer Estrella that, in his view, he was not "driving, which is a commercial act," but was instead "traveling in . . . private." *Id.* ¶¶ 4, 6. Avelin alleges that Officer Estrella lacked probable cause to stop him but acknowledges that he was detained and then arrested for driving or operating a motor vehicle without a license. *Id.* at 8, ¶¶ 7-9. Officer Estrella's "supervisor"—presumably Police Chief Foley—allegedly "forced [Avelin] out of the car" and, along with "four or five [other] officers," "grabbed [Avelin] and man-handled [him] into handcuffs and threw [him] in the back of Estrella's squad car." *Id.* ¶ 9. Avelin further alleges that Officer Estrella "threatened [him], assaulted [him] (with . . . fellow accomplices), and abducted [him] for no good reason." *Id.* at 8.

After being released by the Swansea Police Department later that evening, Avelin appeared before the Fall River District Court on the morning of Monday, May 12, 2025. *Id.* ¶¶ 12-13. On his return home from court, he was pulled over and arrested by Officer Levesque. *Id.* ¶ 12. Avelin then appeared again before the Fall River District Court and spent a night at the Dartmouth House of Corrections before being bailed out the following afternoon. *Id.* ¶ 13.

Avelin filed this action seeking $4.8 million in damages to address alleged "violation[s] of [his] constitutional rights" and of 18 U.S.C. §§ 241 and 242. *Id.* at 4. He asserts that Officer

2

Estrella, who first pulled him over, violated his First, Fourth, Ninth, and Thirteenth Amendment rights. *Id.* at 8. The complaint also claims, without elaboration, that Chief Foley, Officer Levesque, the Swansea Police Department, and the Town of Swansea violated his constitutional rights. *Id.* at 9. Avelin further alleges that Massachusetts has not only "criminalize[d] the exercise" of his right "to use the public roads, for private travel, under the Ninth Amendment," but also "forc[ed] the people to be permanently enslaved to insurance companies" in violation of the Thirteenth Amendment. *Id.* at 3. He claims that MAPFRE has improperly "lobb[ied] for corrupt laws forcing insurance on motorists." *Id.* at 9.

With his complaint, Avelin filed a motion for leave to proceed *in forma pauperis*. ECF 2. Upon review, the Court concludes that Avelin is without assets to pay the filing fee and will grant the motion for leave to proceed *in forma pauperis*.

## DISCUSSION

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court

must construe the well-pleaded facts "in the light most favorable to the plaintif[f]." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted).

Avelin may assert constitutional claims under 42 U.S.C. § 1983, which authorizes lawsuits alleging federal constitutional violations against state actors or entities. *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). To sustain his Section 1983 claims, he "must allege that the defendant[s] acted under color of state law and that [their] conduct violated a protected right." *Pike v. Budd*, 133 F.4th 74, 83 (1st Cir. 2025). At the outset, the statute's state action requirement requires dismissal of Avelin's claims against MAPFRE, a private corporation, because Section 1983 "does not apply to 'merely private conduct, no matter how discriminatory or wrongful.'" *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Avelin's allegations about MAPFRE concern private conduct—"lobbying for corrupt laws forcing insurance on motorists," ECF 1, at 9—and he does not allege that MAPFRE's conduct is attributable to Massachusetts or that it was "jointly engaged with state officials in the prohibited action." *United States v. Price*, 383 U.S. 787, 794 (1966); *see Lindke v. Freed*, 601 U.S. 187, 194 (2024) (Section 1983 "protects against acts attributable to a State, not those of a private person").

Avelin's claims against Massachusetts, which assert violations of his rights to travel and to be free from insurance companies under the Ninth and Thirteenth Amendments, respectively, also must be dismissed. A State, like Massachusetts, does not constitute a "person" subject to suit under Section 1983. *See Will v. Michigan Dep't of State Polic*e, 491 U.S. 58, 71 (1989); *Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 95 (D. Mass. 2013). In addition, the Eleventh Amendment affords Massachusetts immunity from suit in federal court because the Commonwealth has not waived its immunity by "making a clear declaration" of intent to submit to this Court's jurisdiction,

*Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001) (quotation marks omitted), and Congress has not abrogated such immunity from claims under Section 1983, *see Green v. Mansour*, 474 U.S. 64, 68 (1985) (Congress may abrogate a State's sovereign immunity only when it "unequivocally expresses its intent" to do so); *Patillo v. Larned State Hosp.*, 462 F. App'x 780, 783 (10th Cir. 2012) (Congress has not abrogated States' immunity under Section 1983).

To the extent Avelin asserts that the other defendants violated the Ninth Amendment, that claim fails on the merits. The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. It "'does not create substantive rights beyond those conferred by governing law.'" *Martínez-Rivera v. Sánchez Ramos*, 498 F.3d 3, 9 (1st Cir. 2007) (quoting *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 182 (1st Cir. 1997)). Nor does any "federal law confe[r] an absolute right on private citizens . . . to drive an automobile without a license." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 826 (1966). Indeed, for more than a century, "the Supreme Court has recognized that states may require those operating motor vehicles on public ways to obtain licenses and to register their vehicles." *Lu v. Spencer*, No. 15-cv-30162-MGM, 2016 WL 740407, at *3 (D. Mass. Feb. 24, 2016). Avelin therefore cannot claim that the Ninth Amendment affords him a "right . . . to use the public road[s] for private travel." ECF 1, at 3; *see Wholey v. Tyrell*, 567 F. Supp. 2d 279, 286 (D. Mass. 2008) (dismissing Ninth Amendment claim where "Plaintiff ha[d] not cited applicable case law that construe[d] this constitutional language into a right to travel"); *Avelin v. Oman*, No. 21-cv-372-WES, 2022 WL 17669141, at *2 n.3 (D.R.I. Dec. 14, 2022) (rejecting Avelin's claim under the Ninth Amendment).

Avelin's First and Thirteenth Amendment claims against the other defendants likewise fail on the merits. The complaint provides no factual allegations to support the assertion that any defendant violated Avelin's First Amendment rights. *See* ECF 1, at 8-9; *Twombly*, 550 U.S. at 555 (Mere "labels and conclusions . . . will not do."); *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 43 (1st Cir. 1992) (affirming grant of summary judgment for defendants on First Amendment claim that relied on "conclusory allegations"). Nor does the complaint offer any theory as to how the actions of the defendants—principally, arresting him and charging him with violations of motor vehicle laws—had any connection to enslavement or involuntary servitude. *See* U.S. Const. amend. XIII, § 1. Comparable claims by individuals who object to driver's license and vehicle registration statutes have been dismissed as frivolous, and the same result obtains here. *See, e.g.*, *Redman v. Sununu*, No. 21-cv-267-JL, 2021 WL 6880649, at *11 (D.N.H. Nov. 24, 2021), *report and recommendation adopted sub nom. Redman v. Governor*, 2022 WL 410072 (D.N.H. Feb. 10, 2022) (dismissing Thirteenth Amendment claim).

Avelin's Fourth Amendment claims are also subject to dismissal. Liberally construed, the complaint appears to assert claims for false arrest and excessive force. The Fourth Amendment's protections against "unreasonable searches and seizures" require that warrantless arrests be supported by probable cause. U.S. Const. amend. IV; *see Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."). "'Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime.'" *Charron v. Cnty. of York*, 49 F.4th 608, 615-16 (1st Cir. 2022) (quoting *United States v. Jones*, 432 F.3d 34, 41 (1st Cir. 2005)). "The probable-

6

cause inquiry 'focuses on what the officer knew at the time of the arrest' and evaluates 'the totality of the circumstances.'" *Id.* at 616 (quoting *Jones*, 432 F.3d at 41).

To state a claim for false arrest, Avelin must allege "that the Officers lacked probable cause to effect the arrest." *Finamore v. Miglionico*, 15 F.4th 52, 58 (1st Cir. 2021). The complaint asserts in conclusory fashion that Officer Estrella "had no probable cause" to pull Avelin over while driving. ECF 1, at 8. But that conclusory allegation is belied by Avelin's admissions that he chose not to insure or register his car and that he displayed "a private car tag" rather than a license plate. *Id.* at 7, ¶¶ 2-3. In Massachusetts, it is a criminal offense to operate an unregistered motor vehicle, *see* M.G.L. c. 90, § 9, and an uninsured motor vehicle, *see id.* § 34J. Given the allegations in the complaint, Officer Estrella had probable cause to believe that Avelin had violated M.G.L. c. 90, §§ 9 or 34J on May 9, 2025. *See Kynard v. Robbins*, 784 F. Supp. 3d 374, 379 (D. Mass. 2025) (dismissing Section 1983 claim where "Defendant . . . had reasonable suspicion to stop Plaintiff's vehicle if he was aware Plaintiff's vehicle was unregistered and uninsured" and "probable cause to arrest Plaintiff for operating without registration and insurance"); *Avelin*, 2022 WL 17669141, at *2 (entering summary judgment for defendant on Avelin's claim that a traffic stop violated his Fourth Amendment rights in part because his "registration status provided additional reasonable suspicion for his stop" under Rhode Island law). Officer Estrella also had probable cause to believe at the time of arrest that Avelin was driving without a license in violation of M.G.L. c. 90, § 10. Despite distinguishing between "traveling" and "driving" his car, the complaint does not contest that Avelin was operating a motor vehicle without a license. ECF 1, at 8, ¶ 9; *see ra dias deapocalypse bey v. Clapprood*, No. 23-cv-30026-MGM, 2024 WL 3446824, at *4 (D. Mass. Mar. 14, 2024) (dismissing unlawful arrest claim where "there was probable cause for the officers to believe [plaintiff] had committed a crime under M.G.L. ch. 90, § 10" because plaintiff "admitted

7

that he did not have a driver's license"). Officer Levesque had probable cause for those same reasons when he pulled over and arrested Avelin on May 12, 2025. Since probable cause existed at the time of his arrests, Avelin's false arrest claims must be dismissed.

The Fourth Amendment also protects against the use of excessive force in the context of an arrest or investigatory stop. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To make out a claim of excessive force, Avelin must allege "that the defendant employed force that was unreasonable under all the circumstances." *Morelli v. Webster*, 552 F.3d 12, 23 (1st Cir. 2009). In determining whether an application of force is reasonable, the Court must consider "'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether [the suspect was] actively resisting arrest or attempting to evade arrest by flight.'" *Gray v. Cummings*, 917 F.3d 1, 8 (1st Cir. 2019) (quoting *Graham*, 490 U.S. at 396). Those factors are analyzed objectively and considered from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97.

Avelin alleges that Officer Estrella "assaulted [him] (with . . . fellow accomplices)" and that Officer Estrella's "supervisor" "forced [him] out of the car" and, along with "four or five [other] officers," "grabbed [him] and man-handled [him] into handcuffs and threw [him] in the back of Estrella's squad car." ECF 1, at 8 & ¶ 9. But the complaint does not specify how Avelin was "assaulted," "man-handled," or "thr[own]." *Id.*; *see Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 353 (1st Cir. 1995) (finding actionable excessive force claim where plaintiff "was abruptly pulled from the booth, and across the table, with sufficient force to bruise her legs, then handcuffed with her hands behind her back and dragged and carried to a police cruiser and pushed inside"). And "[n]ot every push or shove . . . violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (citation and quotation marks omitted). Nor does Avelin allege that he

8

suffered even "minor injuries" from this police altercation, which could "support an excessive force claim." *Lachance v. Town of Charlton*, 990 F.3d 14, 30 (1st Cir. 2021) (citation omitted). Accordingly, Avelin's factual allegations are insufficient to state a plausible claim of excessive force. *See Peña-Borrero v. Estremeda*, 365 F.3d 7, 12 (1st Cir. 2004) (affirming dismissal of excessive force claim involving officers' alleged "handcuffing that was accomplished by pushing [plaintiff's] arms behind his back, causing injury"). Avelin may, however, file an amended complaint by April 21, 2026 that provides additional facts to support his excessive force claim.

Finally, Avelin fails to state a claim against the remaining defendants under 18 U.S.C. §§ 241 and 242. A "private citizen has no authority to initiate a federal criminal prosecution" under those statutes, which are "the criminal analogue of 42 U.S.C. § 1983." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242." *Id.* Nor do those provisions "give rise to a civil action for damages." *Rodi v. Ventetuolo*, 941 F.2d 22, 29 n.8 (1st Cir. 1991). These claims must accordingly be dismissed. *See Avelin v. S. Kingstown Police Dep't*, No. 22-cv-295-WES, 2022 WL 3646613, at *2 (D.R.I. Aug. 24, 2022) (dismissing Avelin's claim under 18 U.S.C. § 241 for lack of standing).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the motion for leave to proceed *in forma pauperis*, ECF 2, is GRANTED. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Avelin may file an amended complaint by April 21, 2026 that provides sufficient factual detail to assert a viable Fourth Amendment claim of excessive force.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK

Dated: March 31, 2026                    UNITED STATES DISTRICT JUDGE

9